UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
EASTON LLC, doing business in New York as
SHILLELAGH HOLDINGS LLC,

            Plaintiff,    <u>MEMORANDUM</u>
                     <u>OPINION AND ORDER</u>

    -against-               CV 11-4791 (ETB)

INC. VILLAGE OF MUTTONTOWN,

            Defendant.
----------------------------------------------------------------------------X

  Before the court is the defendant's motion to dismiss the plaintiff's state law claims, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, defendant's motion is granted and plaintiff's state law claims are dismissed in their entirety.

FACTS

  Plaintiff, Easton LLC ("Easton"), is a family-held limited liability company that owns a 100-plus acre parcel of unsubdivided land (the "Property") in the defendant, the Incorporated Village of Muttontown's (the "Village"), three-acre residential zoning district. (Am. Compl. ¶ 17.) The family members who make up Easton no longer reside on the Property. (Id. ¶ 16.) Easton seeks to develop the Property into a large lot residential community composed of minimum three-acre residential lots under the Village's existing zoning regulations. (Id. ¶ 10.) Familiarity with the Memorandum Opinion and Order of the undersigned, dated April 27, 2012,

as well as the summary order of the Court of Appeals, dated December 13, 2012, is presumed.

Easton commenced the within action on October 3, 2011 and amended its Complaint on December 18, 2011. The Amended Complaint was for a declaratory judgment to redress the alleged due process and equal protection violations under both the United States and New York Constitutions. Easton alleged that the reasons given by the Village for the moratoria were "patently false, irrelevant and fraudulent" and that the Village did nothing during the course of the two back-to-back moratoria to address the problems alleged by the Village as reasons for their imposition. (Id. ¶¶ 11-12.) The Amended Complaint alleged that the two moratoria, both on their face and as applied, violated Easton's due process and equal protection rights under the Fifth and Fourteenth Amendments because: (1) the only reason to impose the moratoria was to devalue private property so that the Village could acquire a parcel of land it was interested in for a lower price at a bankruptcy auction; (2) the moratoria constituted a deprivation of property and liberty without due process of law; (3) the moratoria constituted a deprivation of equal protection, as well as unlawful discrimination, because they affected only a handful of the more than 1,000 landowners in the Village; (4) the moratoria constituted an invalid exercise of police power by the Village; and (5) the moratoria constituted a taking of property without just compensation. (Id. ¶ 62.)

While the within action was pending, however, the Village Trustees adopted a resolution at a public meeting held on April 10, 2012, terminating the moratorium giving rise to this action, effective immediately. Accordingly, there is no longer any impediment to Easton submitting its subdivision application to the Village.

By Memorandum Opinion and Order dated April 27, 2012, the Court granted the

Village's motion to dismiss for failure to state a federal claim and dismissed this action in its entirety.  Plaintiff appealed the Court's decision to the Second Circuit, which, on December 13, 2012, affirmed the dismissal of plaintiff's federal claims.  The Circuit vacated the dismissal, however, with respect to plaintiff's state law claims and remanded the action for the sole purpose of further consideration of the state law claims.  The Village thereafter moved to dismiss the remaining state law claims.

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  As a general rule, the court is required to accept as true all of the allegations contained in the complaint.  See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which

state a claim for relief. Iqbal,129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Although Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950. Rather, only a complaint that "states a plausible claim for relief" will survive a motion to dismiss. Id.

In its Memorandum Opinion and Order dated April 27, 2012, the Court dismissed all of Easton's federal claims. Due to an oversight on the Court's part, it failed to address Easton's state law claims, which formed the basis for the Second Circuit's remand of this action. The Village moves to dismiss the remaining state law claims.

It is unclear from Easton's Amended Complaint, or its opposition to the within motion to dismiss, what exactly Easton's state law claims are. However, Easton appears to allege parallel federal and state law claims for violations of its due process and equal protection rights, as well as an unlawful taking without just compensation, under both the federal and New York Constitutions. Easton also appears to allege that the moratoria are facially invalid under New York law.

III.  Easton's Due Process, Equal Protection and Takings Claims are Not Ripe

In its Memorandum Opinion and Order dated April 27, 2012, the Court found that Easton's federal due process, equal protection and takings claims were not ripe for review because it had not received a final determination from the Village with respect to its subdivision

-4-

application, relying on Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985) and its progeny. The same result occurs when Easton's due process, equal protection and takings claims are analyzed under New York state law.

It can hardly be stated that the Village has acted with finality when it has never considered Easton's subdivision application due to the moratoria.

> Administrative actions as a rule are not final "unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process" . . . To determine if agency action is final, therefore, consideration must be given to "the completeness of the administrative action" and "a pragmatic evaluation [must be made] of whether the 'decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury'" . . . Thus, a determination will not be deemed final because it stands as the agency's last word during an administrative proceeding. There must additionally be a finding that the injury purportedly inflicted by the agency may not be "prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" . . . If further agency proceedings might render the disputed issue moot or academic, then the agency position cannot be considered "definitive" or the injury "actual" or "concrete."

Esssex County v. Zagata, 91 N.Y.2d 447, 453-54 (1998) (citations omitted) (alteration in original). Employing the exact same language that federal courts do concerning "an actual, concrete injury," the test for finality under state law is essentially the same as under federal. Id. at 453 (quoting Williamson County, 473 U.S. at 192-93) (additional citation omitted); see also Watanabe Realty Corp. v. City of New York, 315 F. Supp. 2d 375, 401 (S.D.N.Y. 2003) (analyzing state and federal takings claims together because "there is no suggestion that [the] state constitutional provisions are any more expansive . . . than their federal counterparts").

In the land use context, a claim is not considered ripe "where the developer has not

-5-

obtained a final decision regarding the application of the zoning ordinance to its property." Peck Slip Assoc., LLC v. City Council, 789 N.Y.S.2d 806, 814 (N.Y. Sup. Ct. 2004) (citing Williamson County, 473 U.S. at 186 and dismissing plaintiff's takings and due process claims brought pursuant to the New York State Constitution as "premature").  Similar to federal law, this analysis applies to state law takings claims as well as claims for violation of due process and equal protection rights under New York state law.  See, e.g., 9th & 10th Street LLC v. Bloomberg, No. 106646/2006, 2008 N.Y. Misc. LEXIS 9834, at *20 (N.Y. Sup. Ct. Dec. 5, 2008) ("Similar to an equal protection, a cause of action under the due process clause cannot stand absent a final determination."); see also Dick's Quarry, Inc. v. Town of Warwick, 739 N.Y.S.2d 464, 464 (2d Dep't 2002) (dismissing plaintiffs' state law due process claims as unripe because plaintiffs had not applied for a variance from the Zoning Board of Appeals of the Town of Warwick).

Moreover, with respect to takings claims brought under state law, there is an additional step that plaintiffs must undertake to satisfy ripeness.

> [C]laims based on regulatory taking "are not ripe for judicial review until (1) the governmental entity charged with implementing the regulations has rendered a final decision regarding the application of the regulations to the property, and (2) the landowner has availed itself of the procedures provided by State law to obtain just compensation."

9th & 10th Street LLC, 2008 N.Y. Misc. LEXIS 9834, at *18-19 (quoting Town of Orangetown v. Magee, 88 N.Y.2d 41, 50 (1996)).  Pursuant to New York law, "[u]ntil these steps have been taken, there is no clear indication that a taking has occurred or how 'far' the regulation goes." 9th & 10th Street LLC, 2008 N.Y. Misc. LEXIS 9834, at *19 (citing Town of Orangetown, 88

N.Y.2d at 50-51). This is the same test employed under federal law when determining whether a takings claim is ripe fore review. See Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005).

As this Court found with respect to Easton's federal claims, and as the Second Circuit affirmed, Easton never received a final decision on its subdivision application from the Village. Moreover, with respect to Easton's takings claim, the Amended Complaint fails to allege any efforts to obtain just compensation from the New York state courts for the alleged taking of the Property prior to filing its federal action.

Accordingly, regardless of diversity jurisdiction - which Easton asserts requires this Court to determine its state law takings claim - Easton's due process, equal protection and takings claims brought pursuant to New York law are all premature as none of them are ripe for judicial review. As a result, Easton's state law claims for violations of its due process and equal protection rights, as well as its state law takings claims must all be dismissed.

For the foregoing reasons, the Village's motion to dismiss Easton's state law due process, equal protection and takings claims is granted and those claims are dismissed without prejudice.

III.     Easton's Facial Challenge to the Local Laws Enacting the Moratoria

"[T]he enactment of a zoning ordinance is a valid exercise of [a state's] police power if its restrictions are not arbitrary and they bear a substantial relation to the health, welfare and safety of the community." Robert E. Kurzius, Inc. v. Inc. Vill. of Upper Brookville, 51 N.Y.2d 338, 343 (1980) (citing Euclid v. Ambler Co., 272 U.S. 365, 395 (1926)). The New York Legislature has delegated zoning power to village boards pursuant to Section 7-700 of the Village

Law.  See Kurzius, 51 N.Y.2d at 343.  "[B]oth the constitutional and statutory validity of a zoning ordinance depend 'on the facts of the particular case and whether it is really designed to accomplish a legitimate public purpose.'"  Id. (citing Berenson v. Town of New Castle, 38 N.Y.2d 102, 107 (1975)) (additional citation and internal quotation marks omitted);

Since a zoning ordinance is a legislative act, it is entitled to a "presumption of constitutionality" under New York law.  Kurzius, 51 N.Y.2d at 344 (citing cases).  While this presumption is rebuttable, "unconstitutionality must be demonstrated beyond a reasonable doubt."  Id. (citation omitted).  Moreover, the burden is on the party challenging the Village ordinance to show that the enactment is arbitrary:

> [The] power of a village to amend its basic zoning ordinance in such a way as reasonably to promote the general welfare cannot be questioned.  Just as clearly, decision as to how a community shall be zoned or rezoned, as to how various properties shall be classified or reclassified, rests with the local legislative body; its judgment and determination will be conclusive, beyond interference from the courts, unless shown to be arbitrary, and the burden of establishing such arbitrariness is imposed upon him who asserts it.
>
> \*     \*     \*
>
> Upon parties who attack an ordinance rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts.  If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.

Id. (citations and quotation marks omitted) (alteration in original); see also Asian Americans for Equality v. Koch, 72 N.Y.2d 121, 131 (1988) ("[I]f the zoning ordinance is adopted for a legitimate governmental purpose and there is a reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end, it will be upheld.").

Easton has not met its burden here. As the Court held in its prior Memorandum Opinion and Order in determining Easton's facial challenge to the laws enacting the moratoria under the Federal Constitution, it is impossible to find, when the laws are examined on their face, that they are arbitrary or irrational and violative of Easton's due process and equal protection rights. (Mem. Op. & Order 18.)  "[Z]oning ordinances have normally been subject to the usual standard of judicial scrutiny for economic and social legislation, and will pass muster under both the Federal and State Constitutions if the restrictions contained therein are not arbitrary and bear a rational or substantial relationship to a legitimate governmental interest or objective." Allen v. Town of N. Hempstead, 478 N.Y.S.2d 919, 920 (2d Dep't 1984) (per curiam).  Accordingly, for the same reasons the Court dismissed Easton's facial challenge under the Federal Constitution in its prior Memorandum Opinion and Order, its facial challenge under the New York State Constitution is dismissed as well, with prejudice.[1]

---

[1] The Court notes that while it is choosing to consider the merits of Easton's facial challenge, it need not do so since the moratorium giving rise to this action is no longer in effect. See, e.g., New York Inst. of Tech. V. Colombo, 526 N.Y.S.2d 29, 30 (2d Dep't 1988) (declining to render an opinion where petitioner was seeking review of a determination whereby it was denied relief from a moratorium because "during the pendency of [the] proceeding before [the] court the moratorium expired, thereby rendering the proceeding academic"); Dune Assoc. v. Town Board of the Town of E. Hampton, 457 N.Y.2d 340, 340 (2d Dep't 1983) (holding that where "any impact of the zoning amendment has already been negated, there is no longer any justiciable controversy and any opinion by [the] court with respect to the enactment thereof would be purely advisory").

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss plaintiff's remaining state law claims is granted and those claims are dismissed.  The Clerk of the Court is directed to enter judgment accordingly and to mark this case closed.

**SO ORDERED:**

Dated: Central Islip, New York
March 19, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge